■ NETTIE BANDLER et al., Respondents, v. ARTHUR MAYER REAL ESTATE, Appellant.— Orders entered May 27, 1968, denying motion to dismiss for failure to make timely service of the complaint and granting cross motion to vacate default reversed on the law, the facts and as a matter of discretion, without costs or disbursements, and motion granted and cross motion denied. Defendant appeared in the action and demanded service of a complaint on July 1, 1965. No complaint was served, and on April 17, 1968, this motion was made. The excuses offered, illness of plaintiffs' counsel and the death of his wife, all took place substantially prior to the initiation of the action. The protracted delay is unexplained and the action must be deemed to have been abandoned (*Colson* v. *Shapiro*, 9 A D 2d 612; *Fischetti* v. *242 East 19th St. Corp.*, 4 A D 2d 867; *Sortino* v. *Fisher*, 20 A D 2d 25, 29). Concur — Capozzoli, J. P., McGivern, Markewich and Steuer, JJ.; Rabin, J., deceased.

■ NOAH WEG, Respondent, v. HIGHLAND TELEPHONE COMPANY et al., Appellants.— Order dated June 12, 1968, granting plaintiff's motion to vacate the dismissal and restore the cause to the original position it held on the calendar is unanimously reversed, on the law and on the facts, and the motion is denied, with $30 costs and disbursements to the defendants-appellants. Plaintiff made the aforesaid motion on May 16, 1968. The cause was marked off as abandoned when the April, 1967 calendar call was not answered. Plaintiff claims an oversight by his calendar service, and that he did not discover that the case was marked off until July 20, 1967, when he inquired as to the status of the action. Be that as it may, despite such knowledge as of July, 1967, it was not until May 1, 1968 that plaintiff contacted opposing counsel with respect to arranging a stipulation returning the case to the calendar. No satisfactory explanation is offered to excuse the prolonged delay in seeking to restore the case. Accordingly, the motion must be denied. Concur — Eager, J. P., Markewich, Rabin and McNally, JJ.